HON. RICHARD F. MILLER, } JUSTICES.
HON. MILTON KELLY,

---

ANKENY & SON, APPELLANTS, *v.* R. W. HENRY, RESPONDENT.

INDORSER—PROMISSORY NOTE—COMMERCIAL LAW—NOTICE.—The undertaking of an indorser is conditional; that is, his promise is that he will pay provided payment shall be demanded of the maker and due notice of his neglect or refusal shall be given.

INDORSEE—CONTRACT WITH INDORSERS.—The person receiving a note by indorsement contracts with the indorser whom he expects to hold, that he will present it to the maker at maturity, for payment, and if not paid that he will give notice of non-payment without delay.

APPEAL from the first judicial district, Nez Perce county.

*George C. Hough,* for the appellants.

*Albert Heed,* for the respondent.

The opinion was delivered by BOWERS, C. J., KELLY and MILLER, JJ., concurring.

This action is against the defendant as indorser on a

promissory note. The declaration shows that on the ninth day of October, A. D. 1865, Jacob Hoffman made, executed and delivered his certain promissory note in writing, whereby he undertook and promised on or before the first day of June, A. D. 1866, to pay to R. W. Henry, the defendant in this action, the sum of, etc.; 2. That afterwards said R. W. Henry indorsed and assigned said note to L. P. Brown, who before its maturity, indorsed and assigned the same to the plaintiffs herein.

The defendant in his answer admits the allegations of the complaint, and this he might possibly very well have done, and yet have been entitled to judgment in his favor upon the pleadings. Such would undoubtedly have been the judgment had the attention of the court been called to the state of the pleadings; for we think it well settled that in order to charge an indorser, demand for payment of the maker, and notice of dishonor to the indorser, or the facts which excuse such demand and notice, must be proven by the plaintiff on the trial, as they constitute in great part the right to recover in the action, and as a necessary consequence of this, must be averred in the complaint.

The answer, however, in this case sets up as a separate and distinct defense that no demand for payment was made upon the maker Hoffman, and that no notice of dishonor was ever given whereby to charge the defendant as indorser.

The judge who tried the case in the court below (a jury having been expressly waived) perhaps simply for the reason as before stated, that his attention was not called to the character of the allegations in the complaint, or possibly for the reason that permission was granted to amend and such amended complaint left out of the record by mistake, seems to have heard the testimony, and found the facts as to the sufficiency of the demand and notice, and these are the only questions presented in the record for review. The facts as found by the court are:

1. Said note was not presented to the maker, Jacob Hoffman, for payment until the eighteenth day of June, A. D. 1866.

2. That no sufficient notice was given to the defendant,

R. W. Henry, of non-payment of the same, whereby to to charge him as indorser, and upon the facts found, the court adjudged a dismissal of the action with costs to the defendant.

No objection appears to have been made to the facts found, and we are unable to see anything in the record from which it would appear that such findings are in the slightest degree unsupported. It is equally clear that the facts so found support the conclusion. The undertaking of an indorser is conditional; that is, his promise is that he will pay, provided the payment shall first have been properly demanded of the maker, and due notice of his neglect or refusal shall have been given. The person receiving a note by indorsement contracts with every one liable as indorser whom he expects to hold, that he will present it to the maker at maturity for payment, and in case of his failure to pay the same, that he will give notice of such failure within a reasonable time and without delay. Neglect in any of these respects will be fatal to a recovery.

The judgment of the court below must be affirmed with costs.

Judgment affirmed.